HANNAH HAGGERTY, Admx.,

*vs.*

HALLOWELL GRANITE COMPANY.

Androscoggin.    Opinion April 8, 1896.

*Death.    Master and Servant.    Negligence.    Stat. 1891, c. 124.*

It is the duty of an employer, implied from the contract of employment, to exercise ordinary care, in view of the circumstances of the situation, to provide and maintain a proper place where his servant may perform his work with safety, subject only to such risks as are necessarily incident to the business, and unexposed to any dangers that may be prevented by the exercise of such care. If the employer fails in this duty, it is negligence for which he is liable to a servant who has been injured in consequence of such failure, without fault on his part and without having voluntarily assumed the risk of the consequence of the employer's negligence, with a full knowledge and appreciation of the dangers to which he is exposed.

The plaintiff's intestate was in the employ of the defendant as a quarryman. While at work as one of a crew of men in removing stone which had been blasted, a detached rock, weighing about eight hundred pounds, suddenly

and without warning, fell from a shelf in the quarry about twelve feet above the place where the crew was at work, struck the deceased and instantly killed him.

About two and a half years before, this rock had fallen from still further above in the quarry, and during that time had remained in the place where it was immediately prior to the accident. There was evidence tending to show that the rock was so near one of the guys of a derrick as to be struck by it when the use of the derrick caused the guy to sway. In regard to this contention, and generally as to the position of the rock prior to its fall, the evidence was conflicting.

*Held;* that a verdict for the plaintiff, involving a finding that the defendant was negligent in leaving the rock in the position in which it was claimed by the plaintiff to be, and from whence it fell without anything unusual occurring to cause its fall, was authorized.

ON MOTION BY DEFENDANT.

This was an action on the case, brought under Chapter 124 of the Statute of 1891, which provides that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable in an action for damages, brought by and in the names of the personal representatives of such deceased person, for the benefit of his widow, children or heirs.

The verdict was for the plaintiff in the sum of $500.00 and the case was brought before the law court on defendant's motion for a new trial, wherein the only questions raised were that the verdict was against law, evidence and weight of evidence,—no question being raised as to the amount of damages.

The case appears in the opinion.

*F. L. Noble and R. W. Crockett,* for plaintiff.

*O. D. Baker and F. L. Staples,* for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

WISWELL, J. This is an action brought by the plaintiff, as administratrix of Timothy P. Haggerty, under the act of 1891, c.

124, to recover damages for the death of the deceased, which, it is alleged, was caused by the negligence of the defendant. The trial resulted in a verdict for the plaintiff and the case is here upon a motion to set the verdict aside.

At the time of the accident, on the 6th of September, 1893, the deceased was in the employ of the defendant as a quarryman in its quarry at Hallowell. While he was at work as one of a crew of men in removing stone which had been blasted, a detached rock weighing about eight hundred pounds, suddenly and without warning, fell from a shelf in the quarry about twelve feet above the place where the deceased was at work, struck the deceased and killed him instantly.

About two years and a half before, this rock had fallen from still further above in the quarry and had remained during all of that time in the place where it was just prior to the accident. It was claimed by the plaintiff that the rock was within two or three inches of one of the guys supporting a derrick, and so near that it was struck by the guy when the use of the derrick caused it to sway.

It is the duty of an employer, implied from the contract of employment, to exercise ordinary care, in view of the circumstances of the situation, in providing and maintaining a proper place where his servant may perform his work with safety, subject only to such risks as are necessarily incident to the business, and unexposed to any dangers that may be prevented by the exercise of such care. If the employer fails in this duty, it is negligence for which he is liable to a servant who has been injured in consequence of such failure, without fault on his part and without having voluntarily assumed the risk of the consequence of the employer's negligence, with a full knowledge and appreciation of the dangers to which he is exposed. *Mayhew* v. *Sullivan Mining Co.*, 76 Maine, 100 ; *Mundle* v. *Hill Manufacturing Co.*, 86 Maine, 400.

The question of negligence, where the facts are in dispute, or even where they are undisputed, but intelligent and fair-minded men may reasonably arrive at different conclusions, is for the jury. *Elwell* v. *Hacker*, 86 Maine, 416.

Here the testimony was conflicting, and the parties differ very materially as to the inferences and conclusions that should properly be drawn from the facts as testified to upon the one side and the other. The plaintiff claims that it was negligence to leave this detached rock in a place from whence it might fall and injure those working below; that it was especially negligent upon the part of the employer in leaving it where it could be struck by the sway of the derrick guy. While the defendant says that, so far as a careful examination would disclose, the rock was in a safe place; so embedded in dirt and small rocks that it could not be moved by hand; and that there was no reason to anticipate that it would ever fall.

But from the fact that it was left in a place from whence it did fall, without anything unusual occurring to cause its fall, the jury were authorized to draw some inference of negligence. A careful examination of all the evidence in the case fails to satisfy us that the verdict was so clearly wrong as to justify its disturbance.

*Motion overruled.*